UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ARTHUR HILLMAN,   Case No. 1:10-cv-201

    Plaintiff,   Beckwith, J.
                                                                          Bowman, M.J.

    v.

UNITED STATES OF AMERICA,

    Defendant.

**REPORT AND RECOMMENDATION**

Plaintiff, presently incarcerated at the Federal Correctional Institution in Florence, Colorado, initiated this *pro se* litigation on March 29, 2010, alleging that the United States violated his rights by seeking the collection of a debt. Plaintiff relies on 28 U.S.C. §2410 as the statutory authority to support his claim.[1] Pursuant to local practice, this case has been referred to the undersigned magistrate judge for all initial proceedings, including a report and recommendation on any dispositive motions. *See* 28 U.S.C. §636(b)(1). Having reviewed the seven motions currently pending, I now conclude that this case should be dismissed.

**I. Background**

When Plaintiff initially filed his complaint he did so without either paying the filing fee

---

[1] Although the case was administratively docketed as a prisoner civil rights case filed under 42 U.S.C. §1983, nowhere in the complaint is that statute mentioned. In any event, no suit can be maintained against the United States under §1983, a statute which requires at a minimum that the named defendant act under color of state law.

or submitting an application to proceed *in forma pauperis*. (Doc. 1). Thereafter, then-presiding Magistrate Judge Hogan directed Plaintiff to either pay the fee or to submit a completed application to proceed without payment of fees. (Doc. 2). Plaintiff filed a motion for leave to proceed *in forma pauperis,* which motion was granted on May 13, 2010. (Doc. 7). For reasons that remain unclear, it does not appear that Plaintiff's complaint received the customary initial screening for frivolousness applicable to complaints filed by prisoners proceeding *in forma pauperis*. *See* 28 U.S.C. §1915(e). Had such screening occurred prior to service on the Defendant, there is no doubt that Plaintiff's complaint would have been dismissed without service, because the allegations in the complaint are patently frivolous and without merit.

As Plaintiff readily acknowledges, his civil complaint in this case is closely tied to his criminal conviction in *United States v. Hillman*, Criminal Case No. 1:03-cr-74. In that case, Plaintiff pleaded guilty to one count of possession with intent to distribute marijuana. (Doc. 30). Following his plea, judgment was entered on March 1, 2004, and Plaintiff was sentenced to a term of imprisonment of one hundred and twenty-six (126) months, to be followed by a period of five (5) years of supervised release. (Docs. 33, 34). As part of the criminal judgment, Plaintiff also was ordered to pay a special assessment in the amount of $100, and a fine in the amount of $5,000. *Id.*; *see also* 18 U.S.C. §3611. As of August 17, 2010, Plaintiff had paid a total of $948.57 toward the criminal monetary penalties imposed in the March 1, 2004 judgment, leaving a balance of $4,490.67. (Doc. 15-1 at ¶7).

Pursuant to 18 U.S.C. §3613(c), the criminal fine imposed against Plaintiff operates

as a lien against his real and personal property in favor of the United States. Under the relevant statutory authority, the lien arose on the date of judgment (March 1, 2004) and "continues for 20 years or until the liability is satisfied, remitted, set aside, or is terminated." 18 U.S.C. §3613(c). Plaintiff's liability for the lien does not terminate until "the later of 20 years from the entry of judgment or 20 years after" his release or death. 18 U.S.C. §3613(b). Pursuant to 18 U.S.C. §§3612(c) and 3613(b), Assistant U.S. Attorney Sanders prepared a Notice of lien following entry of the criminal judgment. That Notice was filed in the Hamilton County Recorder's Office on July 12, 2004. (Doc. 15-1 at ¶5).

Shortly thereafter, Plaintiff began a series of attempts to overturn his conviction and sentence, eventually culminating in the initiation of this civil lawsuit. Plaintiff first filed a motion to vacate his sentence in his criminal case under 28 U.S.C. §2255 (Doc. 38), which was denied by the district court on July 22, 2005. (Doc. 48). The Court subsequently denied Plaintiff's motion for reconsideration. (Docs. 50, 51). Plaintiff next attacked his fine and special assessment through a motion seeking the suspension of fines and restitution (Doc. 54), which was denied on November 28, 2006. (Doc. 56). Plaintiff filed another motion seeking reduction of his sentence on May 1, 2009 (Doc. 57), which was denied on May 26, 2009. (Doc. 59). On January 8, 2010, Plaintiff filed a motion seeking the return of property (Doc. 62), which motion was denied on February 4, 2010. (Doc. 64).

On June 1, 2010, Plaintiff filed four additional documents in his criminal case: a Motion to Compel, a Motion for Mandatory Injunction, a Default Affidavit, and an Affidavit of Service. (*See* Docs. 65, 66, 67, 68). Those matters have not yet been addressed by

the presiding district judge in the criminal case.[2] However, the undersigned takes judicial notice of the fact that three of the documents - the Motion to Compel (Doc. 65), the "Motion for Mandatory Injunction" (Doc. 66) and the "Default Affidavit" (Doc. 67) - bear close resemblance to documents filed in this civil case.[3]

Perhaps deterred by the denial of post-conviction motions in his criminal case, Plaintiff launched a new attack on his fine and special assessment through this civil litigation. Regrettably, the delay in this Court's review of the merits of Plaintiff's civil complaint has allowed Plaintiff time to file six frivolous motions. (Docs. 3, 19, 22, 23, 28, 29). By contrast, Defendant has filed one meritorious motion to dismiss or alternatively, for summary judgment. (Doc. 15). As explained below, I now recommend dismissal of Plaintiff's complaint under 28 U.S.C. §1915(e) and for the reasons stated in Defendant's motion. I recommend the denial of Plaintiff's motions.

**II. Analysis**

**A. 1915(e) Screening and Defendant's Motion to Dismiss**

Although prisoner cases filed *in forma pauperis* are ordinarily screened prior to service of the complaint upon any defendant, the language of 28 U.S.C. §1915(e)(2) provides that a court may dismiss a case "at any time" if a court determines that complaint does not meet minimal requirements for continued prosecution. The Sixth Circuit has affirmed that §1915(e)(2) remains applicable throughout the litigation process. *McGore v.*

---

[2] Judge Beckwith also presides over the above captioned civil case.

[3] *Compare, e.g.,* Plaintiff's discovery "Requests" filed as attachments to his civil complaint, (Doc. 1), to Hillman's "Motion to Compel" in his criminal case (Doc. 65), and Plaintiff's "Motion for Mandatory Injunction" and "Default Affidavit" (Doc. 3) in this civil case with Docs. 66 and 67 in the criminal case.

*Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997)(abrogated on other grounds by *Jones v. Bock*, 549 U.S. 199 (2007)).  Plaintiff's complaint should now be dismissed under §1915(e)(2) because it is frivolous, because it fails to state a claim upon which relief may be granted, and because Plaintiff seeks monetary relief against a defendant who is immune from such relief.

**1. Frivolousness**

A cursory review of the complaint demonstrates that it is frivolous.  Most of the allegations are nonsensical, supported by liberal citation to irrelevant authority.  For example, Plaintiff asserts that the court has jursidiction under 28 U.S.C. §2410, which statute generally governs actions to quiet title for certain civil liens held by the United States, usually in forfeiture proceedings.  Contrary to Plaintiff's belief, most authorities view 28 U.S.C. §2410 "as a waiver of sovereign immunity, pure and simple, and not a positive grant of jurisdiction."  *Elfelt v. United States*, 47 Fed. Appx. 386, 389 at n.2 (6th Cir. 2002)(collecting cases).

Plaintiff additionally alleges in his complaint that the Defendant, through the United States Marshal, filed a "levy and attachment...against the personal property, i.e., Arthur Hillman." (Doc. 1, at ¶12).  The "levy and attachment" to which Plaintiff alludes appears to be (as best the undersigned can decipher) the criminal judgment.   Plaintiff's apparent reference to himself as "personal property" is no more intelligible; a "person" is not the same as "personal property."

Plaintiff next proceeds to argue that the criminal judgment entered in Case No. 1:03-cr-74 is a "warehouse receipt and negotiable instrument" under the Uniform Commercial

Code.  Based on his erroneous assumption that his criminal judgment of conviction is a "negotiable instrument," Plaintiff asserts that he did not "accept" the judgment in 2004. Instead, he alleges that on March 22, 2010 he delivered a copy of the judgment back to the United States, which the United States somehow refused to accept, such that he should now be discharged from any debt (the criminal fine) resulting from the original criminal judgment.

In its Motion to Dismiss, Defendant argues that Plaintiff's complaint presents "an illogical and sometimes incomprehensible flow of assertions."  (Doc. 15 at 5).  That is putting it mildly.  While the Court can appreciate a *pro se* litigant's attempts to cite to some legal authority,[4] none of the cited authority either conveys jurisdiction or affords Plaintiff the relief he seeks.  Rather, it is beyond question that Plaintiff owes a valid debt to the United States under the judgment of conviction; a debt he has previously challenged without success in his criminal case and which he cannot challenge anew through this civil proceeding.

### 2. Failure to State a Claim

Both 28 U.S.C. §1915(e)(2) and Rule 12(b)(6) also require dismissal of Plaintiff's compalint for failure to state a claim upon which relief can be granted.  Under Rule 8 of the Federal Rules of Civil Procedure, a plaintiff need only plead "a short and plain statement of the claim showing that the pleader is entitled to relief."    Fed. R. Civ. P. 8(a)(2). However, in recent years, the Supreme Court has brought greater focus to that pleading

---

[4] Such laws include but are not limited to the U.C.C., the "Federal Debt Collection Procedures [sic] Act," "House Joint Resolution - 192," and *American Jurisprudence*.

standard, holding first in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563, 127 S.Ct. 1955, 1969 (2007) that the "famous" no-set-of-facts formulation "has earned its retirement" and instituting a new standard that a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face" *Id.* at 1974. In *Ashcraft v. Iqbal*, 129 S.Ct. 1937 (2009), the Supreme Court explained: "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949.

Under *Iqbal,* a trial court evaluating a complaint must cipher out "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" from legal conclusions that are supported by factual allegations. *Id.* The first step is to identify the elements of the plaintiff's claim, in order to determine which allegations are mere legal conclusions, as opposed to factual allegations entitled to the "assumption of truth." *Id.* at 1951 ("We begin...by identifying the allegations in the complaint that are not entitled to the assumption of truth"). To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must provide more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 127 S. Ct. at 1965.

In the first of three responses filed in opposition to Defendant's motion to dismiss,[5] Plaintiff argues that he has stated a claim under the Uniform Commercial Code because "[t]he United States...is a Federal corporation" that "does business according to the CLEARFIELD TRUST DOCTRINE." (Doc. 17 at 1-2).

---

[5]*See* Doc. 17 (Response in Opposition) and Doc. 24 (Supplemental Memorandum Opposing Motion to Dismiss). *See also* Doc. 19 (Motion for Release of Property), which, although captioned as a motion, has been construed by Defendant as an additional response.

On November 19, 2010, Plaintiff filed a supplemental "motion and memorandum in support of [Plaintiff's] action affecting property which the United States has a lien."[6] (Doc. 24). In that document, Plaintiff argues in opposition to dismissal that he

> is an ARTIFICIAL BEING, as contrasted with a natural person, deriving its existence entirely from law for the purpose of society and government, which are called corporations or body politic, and that Arthur Hillman, the natural person was formed by the Creator, Yahweh, however, as the natural person, Arthur Hillman owns the corporation, ARTHUR HILLMAN®, and is the surety for this body corporate for the purpose of society and government, which makes ARTHUR HILLMAN, ens legis, the Principal/Debtor, and Arthur Hillman, the natural person, the Surety/Fiduciary.

(Doc. 24 at 2).

Plaintiff's complaint in this case states no plausible claim for relief. It is unnecessary to parse out any "formulaic recitation of the elements of a cause of action," because the allegations in the complaint fall short of even formulaic recitation. As is evident from even a cursory review of Plaintiff's three responses to Defendant's motion, none of those responses furthers Plaintiff's cause. Because Plaintiff's allegations do not comply with Rule 8, as most recently interpreted in *Iqbal*, the complaint must be dismissed.

   **3. Sovereign Immunity**

As a third basis for dismissal, Defendant argues that this court lacks subject matter jurisdiction over Plaintiff's claims under Rule 12(b)(1), Fed. R. Civ. P. In fact, §1915(e)(2) requires dismissal of the complaint for the same reason.

As a sovereign entity, the United States is immune from suit absent a clear waiver of that immunity and consent to be sued. *Reed v. Reno*, 146 F.3d 392, 398 (6th Cir. 1998).

---

[6] Because the document is clearly intended to be a supplemental memorandum in opposition, it was not docketed as an additional motion.

Statutes waiving immunity are narrowly construed. *United States v. Idaho*, 508 U.S. 1 (1993). As previously stated, the sole jurisdictional basis alleged by Plaintiff in his complaint is 28 U.S.C. §2410. However, §2410 by itself confers no jurisdiction.

In a document that could be construed as a third response to Defendant's motion, Plaintiff additionally argues that "the CLEARFIELD TRUST DOCTRINE, which is stare decisis in all courts, is the basis plead by Hillman for a waiver of the United States' sovereign immunity." (Doc. 24 at 1). However, the Clearfield Trust Doctrine does not constitute a waiver of sovereign immunity. In *Clearfield Trust v. United States*, 318 U.S. 363, 366-67, 63 S. Ct. 573, 574-75 (1943), the Supreme Court held that federal law governs questions concerning the rights of the federal government under federal programs, such that, in the absence of an act of Congress applicable to the functioning of such programs, the federal courts may fashion an appropriate and governing rule of law according to their own standards. The primary doctrine derived from *Clearfield* is that federal common law will displace state law, and can be created by federal courts, only when "uniquely federal interests" are involved and the application of state law would "significantly conflict" with federal policy or objectives. *Boyle v. United Techs,* 487 U.S. 500, 507-08, 108 S. Ct. 2510, 2516 (1988). Like nearly every other authority cited by Plaintiff, *Clearfield Trust* has no application to any issue in this case.

Even if some separate basis for jurisdiction could be found, Plaintiff's claim finds no basis for relief in 28 U.S.C. §2410. This court has discovered no case in which §2410 has ever been used to challenge a criminal fine. But even if the scope of that statute is broad enough to encompass such a challenge, it still cannot be stretched to encompass Plaintiff's

claim here. By definition, a lien that attaches as a result of a federal criminal fine applies "as if the liability...were a liability for a tax assessed under the Internal Revenue Code...." 18 U.S.C. §3613(c). Section 2410 has been interpreted as waiving sovereign immunity for actions challenging procedural irregularities in liens imposed as a result of tax liabilities, but importantly, does not waive immunity for challenges to tax liabilities themselves. *Pollack v. United States*, 819 F.2d 144, 145 (6th Cir. 1987). By analogy, Plaintiff cannot rely on §2410 as a waiver of immunity to challenge the criminal fine, as opposed to a procedural issue concerning the imposition of the lien resulting from the fine.

### B. Defendant's Motion for Summary Judgment

Defendant argues in the alternative that it is entitled to summary judgment on Plaintiff's claims. Because I have already concluded that dismissal is appropriate, I will not discuss Defendant's alternative argument other than to state that I find it to be meritorious.

### C. Civil Rights Claim Barred

To the extent that a reviewing court might construe Plaintiff's claim as alleging a violation of his civil rights, as suggested by the initial docketing of this case under 42 U.S.C. §1983, such claim is barred by the doctrine of *Heck v. Humphrey*. Plaintiff's fine was imposed as part of his criminal conviction. Neither that conviction nor any other portion of Plaintiff's conviction and sentence have been reversed on direct appeal, expunged by executive order, declared invalid or called into question by a federal court's issuance of a writ of habeas corpus. His multiple attempts to vacate his conviction and sentence through a variety of post-trial motions have all been rejected.

In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Supreme Court of the United States barred lawsuits for damages via 42 U.S.C. §1983 unless and until the underlying conviction has been invalidated. Absent a favorable termination of his criminal conviction, a judgment in Plaintiff's favor in this civil action would necessarily invalidate the fine and special assessment portion of his federal criminal conviction. Because Hillman has not demonstrated and- at this juncture- will never be able to demonstrate a "favorable termination" of his criminal conviction, *Heck* does not permit him to collaterally challenge his conviction by way of this civil action. For similar reasons, Plaintiff's claim is not cognizable under *Bivens* v. *Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L. Ed.2d 619 (1971). *See Hyde v. Hawk*, 201 F.3d 448 (10th Cir. Nov. 30, 1999)(Table, text available on Westlaw)(holding that *Bivens* challenge to payment of criminal fine was barred by *Heck v. Humphrey*).

**D. Plaintiff's Motions (Doc. 3, 19, 22, 23, 28, 29)**

Like his complaint, Plaintiff's motions are largely nonsensical. All of the motions should be denied. By way of example, I will *briefly* address the motions in the order in which Plaintiff has filed them.

First, the Motion for Mandatory Injunction argues that the continued collection efforts of the Untied States to enforce its criminal judgment should be enjoined because the United States failed to respond to Plaintiff's "Request[s] for Admission" within 72 hours. (Doc. 3 at 2). Next, Plaintiff's Motion for Release of Bond Obligation cites to "FRCVP

E(5)(b)(c)" as authority[7] for releasing the "vessel in admiralty" known by Plaintiff's name. (Doc. 19 at 1). That motion purports to be a bond, signed by Plaintiff as the principal, the debtor, the surety and the fiduciary. (Doc. 19 at Bond, at 2). Plaintiff's right thumb print is affixed to the document as a "thumb print seal," which Defendant reports to be in red ink.[8] (*Id.* at 4).

Next filed was Plaintiff's Motion to Determine the Department of Justice "Assumed" in rem and in personam jurisdiction with a Request for Admission. This third motion appears to allege that Plaintiff's criminal commitment order rendered him a "slave" under the Constitution, considered "goods" under the U.C.C.. In the same motion Plaintiff alleges that Assistant U.S. Attorney Sanders "became the holder of that commercial paper" - otherwise known as Plaintiff's criminal judgment. (Doc. 22). Plaintiff's Motion for a More Definite Statement asks Defendant to respond to such questions as: "Did the U.S. District Judge, Sandra S. Beckwith, do business as a consignor under U.C.C. §7-102(1)(c)?" (Doc. 23 at 1).[9] Plaintiff's "Motion to Determine the Sufficiency of Answer Pursuant to Rule 36(6)" (Doc. 28) seeks this Court's ruling on Defendant's responses to Plaintiff's previous motion. And last but not least, Plaintiff's sixth pending motion seeks to "discharge Case No. 1:03-cr-74, nunc pro tunc, for lack of quasi in rem jurisdiction." (Doc. 29). The Defendant filed a two-sentence response to Plaintiff's sixth motion that simply directs the

---

[7]The citation is assumed to be to the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. (*See* Doc. 20).

[8]The electronic record before this Court is limited to black and white images.

[9]For the record, the United States responded, "No. Judge Sandra S. Beckwith did not do business as a consignor." (Doc. 25 at 1).

attention of this Court to arguments contained in Defendant's dispositive motion.

### E.  Prohibiting Plaintiff from Filing Future Motions

In its motion to dismiss/alternative motion for summary judgment, Defendant asks this Court to impose pre-filing restrictions upon Plaintiff to prevent him from filing any additional motions or new complaints directly or indirectly attacking his March 1, 2004 judgment and sentence without leave of court.  I decline to recommend the relief proposed by Defendant at this time.

One reason for denial is that this case is the first frivolous civil case filed by Plaintiff *in forma pauperis*.  Plaintiff's ability to file future frivolous civil litigation is already inhibited by 28 U.S.C. §§1915(e), 1915A, and ultimately, by §1915(g)(restricting the filing of future complaints by any litigant seeking to proceed *in forma pauperis* who has had three prior cases dismissed).  Although Plaintiff's civil motions may be a nuisance, at this point they are not so vexatious as to support the imposition of pre-filing restrictions.

Four of the six frivolous motions were filed prior to the reassignment of this case to the undersigned magistrate judge; most of those were filed during a brief period of time in which close oversight was limited due to judicial vacancies.  Even though Plaintiff has filed six frivolous motions in this case, Defendant expended relatively little time in formulating responses.  Defendant filed a one-page response to one motion, (Doc. 26), a two-page response to a second, (Doc. 25), and no response at all to the majority of Plaintiff's filings. Doctrines such as *res judicata* and the law of the case, as well as the statutory authority previously mentioned, should prove sufficient to avoid the unnecessary expenditure of any significant amount of Defendant's time or this court's resources in the future.

Of course, to the extent that Defendant seeks to restrict Plaintiff from filing additional post-conviction motions in Criminal Case No. 1:03-cr-74, that issue is more appropriately addressed by the presiding district judge. In general, however, statutory authority prohibits the filing of multiple post-conviction motions under 28 U.S.C. §2255. *See* 28 U.S.C. §2244(b). The Sixth Circuit has held that at least some other post-conviction motions should be treated as successive motions subject to the same rule. *United States v. Carter*, 500 F.3d 486, 490 (2007).

### III. Conclusion and Recommendation

Accordingly, **IT IS RECOMMENDED:**

1. That Defendant's Motion to Dismiss (Doc. 15) be **GRANTED** and that Plaintiff's complaint be **DISMISSED WITH PREJUDICE AND DISMISSED FROM THE ACTIVE DOCKET** for the reasons stated in Defendant's Motion and for the additional reason that the complaint is barred by 28 U.S.C. §1915(e)(2);

2. That the court **DENY AS MOOT** Defendant's alternative motion for summary judgment (Doc. 15), and **DENY** Defendant's request for an order imposing pre-filing restrictions on Plaintiff to limit his ability to file new motions or to initiate new civil litigation;

3. That the court **DENY** all remaining motions filed by Plaintiff (Docs. 3, 19, 22, 23, 28, 29) for the reasons expressed herein and in light of the dismissal of the underlying complaint.

4. That the court certify that any appeal of the court's order would not be taken in good faith.

                                         *s/ Stephanie K. Bowman*
                                         Stephanie K. Bowman
                                         United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ARTHUR HILLMAN,                          Case No. 1:10-cv-201

      Plaintiff,                              Beckwith, J.
                                           Bowman, M.J.

      v.

UNITED STATES OF AMERICA,

      Defendant.


**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).